IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-CR-40050-DWD |
| ) | |
| JEFFREY JAY YORK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Following a jury trial, Defendant Jeffrey Jay York was convicted of attempted enticement of a minor (Count 1) and of attempted use of interstate facilities to transmit information about a minor (Count 2). He was released on bond pending sentencing. (Doc. 62). On October 13, 2021, York was sentenced to a 120-month term of imprisonment on Count 1 and to a concurrent 60-month term of imprisonment on Count 2. (Doc. 89). The Court permitted York to self-surrender for service of his sentence.

On October 15, 2021, York filed a notice of appeal. By motion dated October 18, 2021, York requests that he be permitted to remain on bond pending resolution of that appeal. (Doc. 99). The United States opposes his request. (Doc. 100). The Court held a hearing on November 16, 2021. The parties presented additional argument for consideration. Defendant's motion is now ripe for ruling, and, for the reasons stated on the record and delineated below, the motion is denied.

**ANALYSIS**

In weighing whether a defendant in a criminal case should be released on bond, the Court is guided by 18 U.S.C. § 3142. In pertinent part, § 3142 provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). An appeal raises a substantial question if it presents "'a 'close' question or one that very well could be decided the other way.'" *United States v. Shoffner*, 791 F.2d 586, 590 (7th Cir. 1986)(quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).

York maintains that he is not likely to flee and does not pose a danger to the safety of any other person or to the community. The United States did not respond to York's argument in writing or voice strong opposition at the motion hearing, and the Court is inclined to agree with York that § 3143(b)(1)(A) does not preclude bond on appeal at this time.

The parties instead focus their arguments instead on the requirements of § 3143(b)(1)(B). As an initial matter, the Court finds no indication that York's appeal is being pursued for the purpose of delay. Additionally, York was sentenced to the mandatory minimum sentence of 120 months on Count 1. As such, his appeal is likely to conclude well before he has served the imposed term of imprisonment in full. Due to the charged offenses and the mandatory minimum, a reduction in sentence is unlikely to occur on appeal. As such, the Court focuses its inquiry on whether York can establish that there is a substantial question of law or fact that is likely to lead to the reversal of his conviction or to a new trial.

York's motion argues that such a substantial question exists, as demonstrated by his plan to challenge the sufficiency of the evidence used to convict him of attempted enticement of a minor and of attempted use of interstate facilities to transmit information about a minor. On appeal, he also will challenge whether there was sufficient evidence to support the jury's rejection of his entrapment defense. The United States maintains that these issues fail to raise substantial questions of law or fact that warrant York's release.

York has been two convicted of two attempt crimes. "To sustain an attempt conviction, the government 'was required to prove that [York] acted with the specific intent to commit the underlying crime and that he took a substantial step towards completion of the offense." *Berg*, 640 F.3d at 246 (citations omitted). To establish the insufficiency of the evidence, York must demonstrate on appeal that, after viewing the evidence in the light most favorable to the United States, no "rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Berg*, 640

F.3d 239, 246 (7th Cir. 2011). The Seventh Circuit has described this burden as "nearly insurmountable." *Id.* (citing *United States v. Hensley*, 574 F.3d 384, 390 (7th Cir. 2009)).

After deliberating for approximately 90 minutes, a unanimous jury returned guilty verdicts on both the attempted enticement of a minor and the attempted use of interstate facilities charges. (Doc. 62). York does not challenge the jury instructions given in this case, and the Court notes that an entrapment instruction York requested was given to the jury. Nonetheless, York argues that he never believed that "Brionica," the alter ego of the FBI agent he communicated with, was a minor, and, as a result, his response to "her" posting on Craigslist and the ensuing communications with "Brionica" could not amount to an attempt to entice or to share information about a minor. He further maintains that no rational juror could reject his entrapment defense, and that his convictions, as a result, raise substantial questions of law and fact that are likely to lead to a reversal or a new trial on appeal.

York exercised his right to testify in his own defense, and, through his testimony, presented his version of events to the jury. He explained that he thought he was being scammed and that he expected a man to show up when he left home to meet Brionica. He also testified that he thought the images he received were of an adult, not a minor, and that he believed he was speaking with an adult because Craigslist posters are supposed to be over 18 years old. Additionally, defense counsel raised arguments related to whether York believed he was speaking with a minor at closing.

Similarly, the jury heard testimony about and was instructed as to an entrapment defense. The evidence shows that York messaged Brionica first. He also was the first to

suggest meeting in person. At closing, defense counsel argued that York was entrapped, raising these facts and arguments similar to those made in the instant motion. Certainly, it is conceivable that reasonable minds could differ on the meaning, weight, and import such evidence. However, upon review of the motion and record, it is clear, and this Court finds, that York fails to demonstrate that there is a substantial question of law or fact likely to lead to reversal of his conviction based on his entrapment defense or based on evidence regarding whether he believed he was speaking with a minor. Through their verdict, the jury squarely rejected York's testimony and version of events and found that he had the intent to commit the charged offenses and took a substantial step towards doing so without being entrapped.

The Court finds that York has failed demonstrate that there is a substantial question of law or fact that presents a close call that could go either way on appeal and that would lead to reversal of York's conviction, to a new trial, to a sentence without a term of imprisonment, or to a reduced sentence that would be served in full before York finishes pursuing his appeal. As such, the Court finds that the record does not support finding that release is appropriate pursuant to 18 U.S.C. § 3143(b) at this time. Accordingly, the motion for bond pending appeal (Doc. 99) is **DENIED**.

**SO ORDERED.**

Dated: December 1, 2021

DAVID W. DUGAN
United States District Judge